30486.   COPPEDGE *v.* THE STATE.

DECIDED SEPTEMBER 19, 1944.

*Jackson L. Barwick, James R. Venable, Frank A. Bowers,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. R. Parham, Durwood T. Pye,* contra.

BROYLES, C. J.   Haskell Green, Harold Richards, and Jack Coppedge were jointly indicted for burglary. The indictment charged

that Coppedge, prior to committing the above-charged crime, had been convicted of eight felonies and sentenced to confinement and labor in the penitentiary in each case. The particulars of the eight indictments were set out in the present indictment. Coppedge was tried separately, was convicted of the offense charged, and was sentenced to be confined at hard labor for twenty years in the penitentiary. His motion for a new trial was overruled and he excepted to that judgment.

On the trial, the evidence for the State amply authorized the jury to find that, prior to the date of the burglary, Coppedge, Green, and Richards had entered into a conspiracy to burglarize the storehouse of Sands & Company, and that in pursuance of the conspiracy they did commit the burglary, and that Coppedge was present at the scene of the crime and actively participated in its commission. In addition to the circumstantial evidence connecting Coppedge with the offense, the State called as witnesses the two codefendants, Green and .Richards, who testified that they and Coppedge committed the burglary which they previously had planned. Furthermore, the evidence showed a free and voluntary confession by Coppedge that he and Harold Richards had committed the burglary. The State also introduced in evidence the eight indictments mentioned in the present indictment, each indictment showing its number, the felony charged, the conviction of Coppedge of the offense charged, and his sentence to confinement and labor in the penitentiary. The defendant failed to introduce any evidence, but made a statement to the jury denying his guilt of the offense charged.

While the motion for new trial contains numerous special assignments of error, we do not think, under the particular facts of this case, that any of them show cause for a reversal of the judgment. Moreover, none of the questions presented by the special assignments are new or novel and all of them have been decided adversely to the plaintiff in error's cause by numerous decisions of the Supreme Court and this court. The cases cited by counsel for the plaintiff in error are distinguished by their facts from this case. *Judgment affirmed. MacIntyre and Gardner, JJ., concur.*